IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JASON DUFFY WALLACE                                                                                     PLAINTIFF

v.                                         Civil No. 1:10-cv-01009

GOOGLE, C.S. ENTERPRISES,
and FARMERS BANK                                                                                     DEFENDANTS

## ORDER

This civil action was filed *in forma pauperis* (IFP). Pending before the undersigned is Plaintiff's motion for appointment of counsel. (Doc. No. 5).

In *Mallard v. United States District Court*, 490 U.S. 296 (1989), the Supreme Court held that 28 U.S.C. § 1915 does not authorize a federal court to require an unwilling attorney to represent an indigent litigant in a civil case. Section 1915(e)(1) provides: "the court may request an attorney to represent any person unable to afford counsel." "Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 780 (8th Cir. 1995)(citation omitted). "Once indigent *pro se* litigants meet their burden of showing that their complaints are not frivolous . . . counsel should be [requested] if the district court determines it is necessary." *Id.*

The standard used in determining the necessity of requesting counsel to represent the litigant is whether both the litigant and the court would benefit from the assistance of counsel. *Id*. "'Factors bearing on this determination include: the factual complexity of the issues; the ability of an indigent to investigate the facts; the existence of conflicting testimony; the ability of an indigent to present his claim; and the complexity of the legal issues.'" *Id.* (*quoting, Nachtigall v. Class*, 48 F.3d 1076, 1081 (8th Cir. 1995)). *See also Stevens v. Redwing*, 146 F.3d 538, 547 (8th Cir. 1998); *Bumgarner*

*v. Malin*, 97 F.3d 1456 (8th Cir. 1996); *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

Plaintiff has filed a form motion requesting appointment of counsel. In this motion, Plaintiff indicates he has contacted two law firms but has been unable to obtain counsel due to his "inability to pay". (Doc. No. 5). This is the only argument set forth by Plaintiff in seeking the appointment of counsel. Further, the Court has carefully reviewed the complaint and amended complaint in this case. (Doc. No. 1, 4). Plaintiff has failed to allege any claim of a federal nature or any claim based on diversity of citizenship upon which he could be granted relief.

Accordingly, the motion for appointment of counsel is **DENIED.**

**IT IS SO ORDERED** this **31st day of March, 2010.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE